IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CHRISTOPHER OWEN

       Plaintiff,

v.                                                                          No.

HENNING'S SUPERMARKET, INC.                         JURY TRIAL DEMANDED

       Defendant.

## COMPLAINT

Plaintiff Christopher Owen files this Complaint against Defendant Henning's Supermarket, Inc., and in support thereof avers as follows:

### Jurisdiction and Venue

1.      The jurisdiction of this Court is based upon 28 U. S. C. §1331, in that this Court has original jurisdiction of this matter, which is based upon a law of the United States of America, the Age Discrimination in Employment Act, 29 U.S. C. §621 ("ADEA").

2.      Plaintiff requests a trial by jury of the claims raised herein.

3.      Venue is appropriate in this Court pursuant to 28 U.S. C. §1392(b) in that Defendant has ongoing business operations in this District, Plaintiff worked within this District and a substantial part of the events giving rise to the claim occurred in this District.

4.      The amount in controversy exceeds $150,000.00, exclusive of interest and costs.

5.      Plaintiff has complied with the applicable administrative remedies by first filing a Charge with the Equal Employment Opportunity Commission ("EEOC") on July 24, 2020, EEOC Charge no. 530-2020-04901, which has been dual-filed with the Pennsylvania Human Relations Commission ("PHRC") (Complaint no. unknown), and then waiting the necessary period of time to file the ADEA claim raised herein.

1

6. Upon receipt of applicable authority from the Pennsylvania Human Relations Commission, Plaintiff intends to amend this Complaint and assert a cause of action for age discrimination under the Pennsylvania Human Relations Act, 43 P. S. §955(a), et. seq., ("PHRA").

### Parties

7. Plaintiff Christopher Owen resides at 42 West Broad Street, Souderton, PA 18964.

8. Defendant Henning's, Inc. is a Pennsylvania corporation, which maintains a principal place of business in the Commonwealth of Pennsylvania at 290 Main Street, Harleysville, PA 19438.

9. At all times relevant hereto, Defendant was acting through its agents, servants, and employees, who were acting within the scope of their authority in the course of their employment and under the direct control of Defendant.

### Factual Background

10. Plaintiff Christopher Owen ("Owen") is 60 years of age.

11. Owens has 39 years of experience working in produce departments at food markets.

12. On January 24, 2004, Owen commenced employment with Henning's Supermarket, Inc. ("Henning's") as a part-time Produce Clerk.

13. Within a few months, Owen was promoted to Assistant Produce Manager, and shortly thereafter, Owen was promoted to Produce Manager.

14.    Owen was employed by Henning's for over 16 years, until his employment was terminated on June 22, 2020.

15.    In the year 2019, Owen earned approximately $65,000.00.

16.    Henning's operates a 5700 square foot gourmet market in Harleysville, PA (Montgomery County) and has over 200 employees.

17.    Throughout his employment, Owen performed his job well.

18.    In 2019, Owen received an Employee Recognition Award from Henning's.

19.    During the last few years of Owen's employment at Henning's, several senior store managers talked about making Henning's a "younger" company.

20.    To accomplish its desire to become "younger", Henning's has been hiring employees whose ages are in the 20's to 30's.

21.    In December 2016, Owen had thyroid cancer surgery and was out of work for approximately three weeks.

22.    In December 2016, Owen received a call from Henning's and was advised that a new employee, Brian Novasak (approximate age: mid 30's) was being hired as an Organic Specialist, because "You are an old-school conventional guy."

23.    When Novasak was hired, Bobby Henning, Store Manager, stated to Owen, I want you to give Brian a long leash, he is young, fresh and sharp, and Store Director Golden, said, ''Brian will be teaching you and your department the right way to run organics."

24.    Shortly after Owen returned to work from the cancer surgery, Henning's promoted Novasak to Assistant Manager.

25.     After several months as the Assistant Manager, Henning's determined that Novasak could not successfully perform the Assistant Manager job and Novasak was demoted.

26.     In 2017, Henning's hired Melinda Trevino ("Trevino") (approximate age: 36), whose responsibility is to cut fruit for the Produce Department.

27.     Less than one month after being hired Trevino exhibited work performance issues which had to be addressed by Owen, Ray Golden ("Golden"), Store Director, and Colleen Runyun, Customer Services Director.

28.     Thereafter, Trevino continued to not show respect to Owen.

29.     Trevino also showed hostility towards a co-worker who also cut fruit, Lisa Foster, criticizing Lisa for not working, ''Melinda's Way'''

30.     On March 16, 2020, Henning's hired Brittany Gall (approximate age: 32) as Assistant Produce Manager, reporting to Owen.

31.     Prior to Gall being hired, Novasak was the only other person to serve as an official "Assistant Produce Manager."

32.     On June 19, 2020, Trevino was exhibiting a negative attitude as she was assisting Owen with signs for the Produce Department, and she had to be admonished by Owen.

33.     The next day, June 20, 2020,  Owen asked Trevino why she was giving attitude, and she responded, "Nobody likes you. You are tired and grumpy."

34.     Trevino then complained to Store Director Golden.

35.     Owen then had a meeting with Store Director Golden and explained what had happened with Trevino,  Golden advised Owen the situation would be fixed, but that he should take off the next day for Fathers' Day.

4

36.    On June 22, 2020, Owen was called on the phone and advised to bring his laptop, his phone, and his key to the store and meet with Store Director Golden and Store Manager Bobby Henning.

37.    When Owen arrived at the store Owen was advised that his employment was being terminated effective immediately.

38.    Following the termination of Owen's employment, he was replaced as Produce Manager by Brittany Gall.

39.    Henning's has a progressive Disciplinary Procedures policy which provides for verbal warnings,  formal written notices, probation, and termination.

40.    Prior to the termination of his employment Owen was never administered any discipline pursuant to the Disciplinary Procedures policy.

41.    Shortly before Henning's terminated Owen's employment, Henning's advised Brian Novasak that his performance was poor and that he was receiving a second demotion and a $5.00 per hour reduction in pay but that his employment would not be terminated because it is so hard to find a job due to the pandemic.

42.    Henning's has treated Owen differently than substantially younger Produce Department employees, including Melinda Trevino, Brian Novasak and Brittany Gall, who replaced Owen as Produce Manager.

43.    Any proffered reason for the termination of Owen's employment is pretextual.

44.    In terminating Owen's employment, Henning's was motivated by a desire to discriminate against Owen as an older employee and replace Owen with a substantially younger employee.

5

45.     Henning's  actions were willful and outrageous in that its motives and conduct as set forth above were malicious, wanton, reckless and oppressive.

46.     Owen has incurred substantial damages due to Henning's termination of his employment, including lost wages and employment benefits and emotional distress.

## COUNT I

## VIOLATION OF AGE DISCRIMINATION IN EMPLOYMENT ACT

### 29 U. S. C. § 621 et. seq.

47.     Paragraphs 1 to 46 are incorporated herein by reference, as if set forth in full.

48.     Owen was treated differently than substantially younger employees.

49.     In terminating Owen's employment and employing a substantially younger individual to perform the same duties as Owen, Henning's has discriminated against Owen based upon his age.

50.     Henning's decision to terminate Owen's employment was arbitrary and capricious, and based on a discriminatory animus towards older employees in the workplace.

51.     Henning's conduct is per se unlawful and constitutes unlawful age discrimination in violation of the ADEA.

WHEREFORE, Plaintiff Christopher Owen requests that this Court enter judgment in his favor and against Defendant Henning's, Inc., and that this Court enter a declaratory judgment that Defendant's actions complained of herein, violate and continue to violate the enactments of the federal legislature, award Plaintiff all appropriate equitable relief, award Plaintiff damages exceeding $150,000.00, in the form of all compensation and monetary losses, which he has been denied, including back pay, front pay, pre-judgment interest, liquidated damages as defined by

6

the Age Discrimination in Employment Act, reasonable attorneys' fees, expert witness fees,

costs, and any other relief, which the court deems appropriate

/S/ Andrew S. Abramson, Esq.

_____

Andrew S. Abramson, Esq.
Abramson Employment Law, LLC
790 Penllyn Blue Bell Pike
Suite 205
Blue Bell, PA 19422
telephone: 267-470-4742
email: asa@aemploylaw.com

attorney for Plaintiff Christopher Owen

Dated: November 13, 2020